**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Crim. I.D. No.  30109009 DI |
| | ) | |
| LESTER ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR
CERTIFICATION OF QUESTIONS OF LAW – DENIED.**

This 25th day of March, 2024, after having considered Lester Anderson's (hereinafter "Defendant") "Motion for Certification of Question [sic] of Law" (hereinafter the "Motion"), the State's response in opposition and the record in the matter, it appears to the Court that:

1.  Defendant was convicted following a jury trial of Murder in the First Degree on February 11, 1992.[1] The State announced its intention not to seek capital punishment shortly after Indictment,[2] and at no time sought to reverse course. Defendant was then sentenced to the mandatory life imprisonment on July 10, 1992.[3] Defendant filed an unsuccessful direct appeal, followed by four unsuccessful motions for post-conviction relief and respective appeals, among other various motions in the ensuing years.[4]

---

[1] See Docket: *State v. Lester Anderson*, Criminal Action No. 2012004283, D.I. 11.
[2] D.I. 9.
[3] D.I. 35.
[4] D.I. 18, 38, 52, 57, 61, 65, 69, 71, 73-75. 77, 81, 84-85, 87, 90, 91-92, 93-94, 95, 103, 104-105, 115-118, 129.

2.     Defendant has now filed his fifth motion for post-conviction relief pending before the Court.[5] Following that filing, Defendant, on September 11, 2023, filed the instant Motion, which overlaps significantly with the issues raised in his fifth post-conviction motion.[6] The State responded in opposition on November 1, 2023.[7] On November 27, 2023, Defendant replied to the State's opposition.[8]

3.     Defendant's motion seeks to certify ten (10) questions of law to the Delaware Supreme Court in which he argues raises constitutional questions of law that have "not been, but should be, settled by the Supreme Court."[9] Specifically, Defendant requests the following questions answered:

(1) Does Delaware's capital sentencing scheme violate the United States Constitution's Sixth Amendment whereas the Court held, in Powell, that Rauf [sic] is retroactive to capital and non-capital offenders?

(2) In light of the holding in Rauf, overruling Brice, and Cohen, does the application of those decisions that narrow the scope of a criminal statute by defining terms place a particular conduct or class of person covered by the statute beyond the state's power to punish?

(3) Does a sentence enhancement, which increased the maximum authorized statutory sentence is functional equivalent of an element-based distinction must pertain to fundamental rights that effect a stated class offender?

(4) Does the construction, constitutionality, or application of 11 Del. 4209 [sic] currently define a clear distinction between a particular situated class of offender such as Class A 11 Del. 4205 [sic] as commanded by the Apprendi Rule [sic]?

(5) Delaware title 11 Criminal Code Section 4209 [sic] is the statute that specifies the penalties for murder first degree, which is where the

---

[5] D.I. 130.
[6] D.I.  137.
[7] D.I. 140.
[8] D.I. 148.
[9] D.I. 137, p. 5, ¶12.

capital sentencing procedures are codified. Does Delaware circumvent the protections held in In re Winship [sic] merely by redefining the elements that constitute different crimes, characterizing them as factors that bear solely on the extent of punishment?

(6) Does [sic] Delaware Courts recognize Apprendi [sic] Rule…[sic] extending into the sentencing guidelines context in Blakely [sic] which a judge may impose statutory maximum sentence solely on the basis of the facts reflected in the jury verdict?

(7) Delaware legislature has by design created ambiguity in regards to 11 Del. 636 [sic] murder first degree, if found guilty, permits a judge to impose a sentence upward departure from statutory class of conduct or person where an aggravator is considered contrast to an aggravator is automatic presume unconstitutional [sic]?

(8) What are the procedures to be followed in event that 11 Del. 4209 [sic] is ruled unconstitutional that give notice prior or post-deprivation, opportunity to be heard and defend or challenge substantial right and to be safeguarded from State action not related to legitimate interest or that is unfair practice, irrational and arbitrary?

(9) Does an element-based distinction qualify as a specific category effect Fifth, Sixth, and/or Fourteenth Amendments [sic] whether a class of conduct or person in light of struct-down sentencing scheme 11 Del. 4209[sic]?

(10) Whether the imposition of an increased sentence under Delaware law which bear [sic] upon a class of conduct or person as it relates to provision [sic]and/or procedures is it the inquisition of an aggravator that must be proven beyond a reasonable doubt?[10]

4. Superior Court Civil Rule 75 controls the procedure for filing a motion for certification of questions of law. Supreme Court Rule 41 controls the procedure for the certification of questions of law. While this Court has the authority to certify a qualifying question of law,[11] the Supreme Court will only accept such a certification where there exists "important and urgent reasons for an immediate

---

[10] D.I. 137

[11] Del. Supr. R. 41(a)(i).

determination by [the Supreme Court] of the questions certified."[12]  Supreme Court Rule 41 provides a non-exhaustive list of circumstances in which a question may be certified: "(i) *Original question of law*.  The question of law is of first instance in this State; (ii) *Conflicting decisions*.  The decisions of the trial courts are conflicting upon the question of law; (iii) *Unsettled question.*  The question of law relates to the constitutionality, construction or application of a statute of this State which has not been, but should be, settled by the Court."[13]

5.      Defendant predicates his ten questions based upon the Delaware Supreme Court case *Rauf v. State*.[14]  In *Rauf*, the Court held Delaware's statutory scheme in 11 *Del. C.* § 4209 as it relates to capital murder unconstitutional.  In *Powell v. State*,[15] the Delaware Supreme Court ruled that its decision in *Rauf* is to be applied retroactively to all applicable persons.

6.      The State, in its response in opposition, correctly points out that Defendant is not an applicable person.   *Rauf* and *Powell* are inapplicable to Defendant because he was not convicted of capital murder.   Defendant mistakenly assumes that *Rauf* was applicable to both capital and non-capital offenders; *Rauf* very clearly only analyzes the constitutionality of the capital sentencing structure of 11 *Del. C.* § 4209.[16]  In Defendant's case, not only did the State not seek capital

---

[12] Del. Supr. R. 41(b)
[13] *Id.*
[14] 145 A.3d 430 (Del. 2016).
[15] 153 A.3d 69 (Del. 2016).
[16] *Rauf*, 145 A.3d at 433.

punishment for Anderson, but he was also not given a sentence of death. Therefore, the ten questions Defendant now seeks this Court to certify are irrelevant to his case and pending post-conviction motion.

7. The State is also correct in that Defendant's Motion does not meet the qualifications as set forth in Supreme Court Rule 41. The questions Defendant seeks do not satisfy any of the listed reasons for certification. Therefore, certification is inappropriate.

8. The arguments raised in Defendant's Reply to the State's opposition, once again, are based upon the misinterpretation of *Rauf* being applicable to all first degree murder convictions. As stated above, this is simply not the case. Defendant was neither convicted of capital murder, nor sentenced under the capital punishment scheme of 11 *Del. C.* § 4209, making *Rauf* inapplicable and an impermissible basis for certification here. The fact that Defendant seeks clarification for aggravating circumstances is irrelevant, as no aggravating circumstances were applied in Defendant's case. He was sentenced to life imprisonment following a non-capital murder first conviction. There was never a need for any analysis of the statutory aggravators found in 11 *Del. C.* § 4209, as mandatory life imprisonment was the only option for Defendant's sentencing judge. Defendant's arguments in both his initial Motion and his Reply are all arguments that pertain to capital murder prosecutions. His was not that.

**9.**     As a result, Defendant's Motion for Certification of Question of Law is

**DENIED.**

     **IT IS SO ORDERED.**


 

_____

Danielle J. Brennan, Judge


Original to Prothonotary
cc:     John Williams, Deputy Attorney General
        Lester Anderson, *Pro Se*, SBI: 225954